672 So.2d 114 (1996)
Cheryl Lynn BROWN, f/k/a Cheryl Lynn Dehnert, Appellant,
v.
Thomas George DEHNERT, Appellee.
No. 95-2770.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Cheryl Lynn Brown, in pro. per.
No appearance, for appellee.
Before LEVY, GODERICH and GREEN, JJ.
PER CURIAM.
Cheryl Lynn Brown, former wife, appeals from a final order of the trial court which compelled her to return her visiting minor child to her former husband in Wisconsin and determined that it would decline to exercise further jurisdiction over the change of custody proceedings instituted below because the child has resided with the former husband in Wisconsin for the past two years. We reverse.
The parties were married in Florida in 1979 and divorced in Florida in 1987. The minor child was born in this state as well. The temporary custody order at issue herein was entered in Florida and home studies were conducted here. The minor child lived in Florida for 11 of his 13 years; he has lived in Wisconsin with the former husband for the past two years. The child's mother lives in Florida, as do the child's half-siblings. The minor child has spent a total of five spring, summer and Christmas vacations in Florida with his mother since moving to Wisconsin.
Under these circumstances we find that the supreme court's opinion in Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990) controls:
Nevertheless, we cannot agree with the district court's assumption that section 61.1308 operates to `automatically' terminate jurisdiction already validly acquired merely because the child has resided outside the state for more than six months when the child clearly has maintained significant contacts with Florida. To the contrary, jurisdiction must be presumed to continue once it is validly acquired under section 61.1308; and it continues up until a Florida court expressly determines on some other basis that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the PKPA. See 28 U.S.C. § 1738A (1987).
*115 Id. at 1331-32 (emphasis in original). Thus, "[a] custody proceeding properly begun in Florida remains under Florida's jurisdiction until Florida determines otherwise, unless virtually all contacts with the state clearly have been lost." Id. at 1332.
Herein, the child has maintained significant contacts with the state of Florida. There is no evidence to support a claim that Wisconsin has the more substantial interests than Florida in this child's custody or that Wisconsin is the more convenient forum. Thus it was clear error for the trial court to decline to exercise jurisdiction over the custody proceeding below.
Reversed and remanded for proceedings consistent with this opinion.